UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. SKJEI, et al., | CASE NO. C24-0615JLR |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court is the parties' joint motion to continue trial and modify the scheduling order in this matter. (*See* Mot. (Dkt. # 11); *see also* 9/19/24 Order (Dkt. # 10) (scheduling order).) Because the court finds good cause to grant the parties' requests but is not available on the parties' requested trial date, the court GRANTS in part and DENIES in part the parties' motion. The court continues the trial in this matter to September 14, 2026.

This case concerns a claim for a refund of federal income taxes that Plaintiffs paid for the 2016 tax year. (Compl. (Dkt. # 1) at 1, 3-4.) Plaintiffs filed their complaint on

ORDER - 1

1  May 3, 2024.  (Compl.)  On November 19, 2024, the court entered an order setting trial

2  for October 27, 2025.  (9/19/24 Order at 1.)  The court also, in relevant part, set a

3  deadline of June 16, 2025 to complete discovery.  (*Id.*)

4        On June 4, 2024, the parties moved to extend the discovery completion deadline

5  by 120 days and to modify the court's scheduling order "in accordance with the extension

6  of discovery[,]" effectively seeking a continuance of the trial date.  (*See* Mot. at 1.)  The

7  parties advise that discovery includes documents from 12 separate tax years and that

8  these documents exist largely in physical form and have been difficult to locate and

9  collect.  (*Id*. at 1-2.)  Plaintiffs have also experienced medical challenges that have

10  complicated the collection of responsive documents.  (*Id*. at 2.)  The parties further advise

11  that, despite these challenges, Plaintiffs have completed collection of "a significant

12  number of responsive documents[,]" and the parties' counsel have worked cooperatively,

13  maintaining "a consistent line of communication throughout the process."  (*Id*.)

14        Pursuant to Rule 16, "[a] schedule may only be modified for good cause and with

15  the judge's consent."  Fed. R. Civ. P. 16(b)(4).  A good cause finding focuses on the

16  diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v.*

17  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Because of the

18  parties' diligence, the court finds good cause to continue the trial and extend the

19  unexpired case deadlines.  Because the parties' proposed trial date conflicts with other

20  matters on the court's calendar, the court will set trial for the next available date.

21        Accordingly, the court GRANTS in part and DENIES in part the parties' motion

22  (Dkt. # 11) as follows:

ORDER - 2

1. (1) The court CONTINUES the trial in this case to **September 14, 2026**.

2. (2) The court DIRECTS the Clerk to reset the deadline for motions related to discovery and to reset all of the deadlines that have not yet passed in accordance with the new trial date.

Dated this 9th day of June, 2025.

JAMES L. ROBART
United States District Judge