UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. SKJEI, et al., | CASE NO. C24-0615JLR |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court is the parties' second joint motion for an extension of time to complete fact discovery and to modify the scheduling order. (2d Mot. (Dkt. # 14); *see* 6/13/25 Sched. Order (Dkt. # 13).) The court DENIES the parties' motion.

This case concerns a claim for a refund of federal income taxes that Plaintiffs paid for the 2016 tax year. (Compl. (Dkt. # 1) at 1, 3-4.) On June 4, 2025, the parties moved to extend the discovery completion deadline by 120 days and to modify the court's scheduling order "in accordance with the extension of discovery[,]" effectively seeking a continuance of the trial date. (*See* 1st Mot. (Dkt. # 11) at 1.) The court granted in part

ORDER - 1

and denied in part the parties' request, and continued the trial date to September 14, 2026, and the fact discovery deadline to May 4, 2026.  (*See* 6/9/25 Order (Dkt. # 12) at 3.)

On April 29, 2026, the parties filed the instant motion requesting another 120-day extension of the fact discovery deadline and modification of the court's scheduling order. (2d Mot. at 1.)  The parties assert that in April 2026, Plaintiffs supplemented their production with additional materials such as "an Excel spreadsheet, multiple years of monthly bank statements from different financial institutions, [] documentation relating to the businesses Plaintiff was operating that are at issue[,]" and "hundreds of additional pages of bank records."  (*Id*. at 1-2.)  The parties contend that these materials "require careful analysis" because they may form the basis of Plaintiffs' proposed refund and claims in the instant action, and Defendant requires adequate time to review these materials and determine whether additional discovery is needed, including whether depositions or further document requests are warranted.  (*Id*. at 2.)

The scheduling order provides that the case schedule may be modified "only upon good cause shown[.]"  (*See* Sched. Order at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Good cause" focuses on the diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Therefore, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.*  Because of the parties' diligence, the court finds good cause to continue the trial date and extend the unexpired case deadlines.  Unfortunately,

//

ORDER - 2

the court's trial calendar cannot accommodate a 120-day extension.  Therefore, the court DENIES the parties' motion (Dkt. # 14).

The court is willing, however, to consider moving the trial date to the end of its trial calendar.  The parties should be aware that the court is currently scheduling trials in December 2027.  If the court moves this matter to the end of its trial calendar, it will issue a new scheduling order that resets all unexpired pretrial deadlines.  If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 30th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3